**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KWAME NKUMAH KEKAULA, | ) | 1:08-cv-00282 OWW TAG |
| Plaintiff, | ) ) | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND WITHIN THIRTY DAYS |
| v. | ) ) | |
| JOEL LUERA, et al., | ) | (Doc. 1) |
| Defendants. | ) ) ) | |

On February 5, 2008, pro se state prisoner Kwame Nkumah Kekaula ("Plaintiff") filed a complaint pursuant to 42 U.S.C. § 1983, against Bakersfield Police Officer Joel Luera (the "Officer"), Kern County District Attorney Edward R. Jagels (the "District Attorney"), and the City of Bakersfield (the "City") (collectively, the "Defendants"). (Doc. 1). The complaint was initially filed in the United States District Court for the Northern District of California. On February 25, 2008, the matter was ordered transferred to the United States District Court for the Eastern District of California, and on February 27, 2008, the complaint and related pleadings were filed in ths Court. (Docs. 5-7). On March 7, 2008, Plaintiff's application to proceed in forma pauperis was granted. (Doc. 9). On October 29, 2008, the matter was reassigned and referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-303. (Doc. 13).

///

///

1

**1. Plaintiff's complaint**

    A. Screening

The Court is required to screen a complaint brought by a prisoner seeking relief against a governmental agency or an officer or employee of a governmental agency, and to review a case filed in forma pauperis prior to service of process. 28 U.S.C. §1915A(a); 28 U.S.C. 1915(e). The Court is required to screen the complaint for sufficiency and dismiss the action if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) &(2); 28 U.S.C. § 1915 (e)(2)(B); see Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987 (citing Franklin v. Murphy, 745 F. 2d 1221, 1228 (9th Cir. 1984).

    (1) Failure to state a claim

A complaint should be dismissed for failure to state a claim "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229 (1984)(citing Conley v Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n., Inc., 651 F. 2d 1289, 1294 (9th Cir. 1981). Section 1915(e) of the Prison Litigation Reform Act requires a district court to dismiss an informa paupers complaint that fails to state a claim. 28 U.S.C. § 1915; Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). However, where a deficient complaint could possibly be cured by an amendment, the complaint must be dismissed with leave to amend. See Eldridge v. Block, 832 F. 2d 1132, 1135-1137 (9th Cir. 1987). When reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint, construe it in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740, 96 S. Ct. 1848 (1976); Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843 (1969) .

    (2)  Frivolous

A complaint is legally frivolous when it has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 324-325, 109 S. Ct. 1837 (1989); Franklin v. Murphy, 745 F. 2d at 1229. The Court may dismiss a complaint as frivolous if it is based on an indisputably meritless

legal theory or merely fanciful factual allegations. Id. Frivolous factual allegations include those that are irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 33, 112 S. Ct. 1728 (1992). The Court must liberally construe a pro se pleading, however, it is not required to "accept as true unreasonable inferences or conclusory allegations cast in the form of factual allegations." Trevillion v. Tarantino, 2005 WL 2072098, at *3 (N.D. Cal. Aug. 23, 2005) (citations omitted).

    (3) Malicious

The test for malice is a subjective one that requires the court to determine whether the plaintiff is proceeding in good faith. Kinney v. Plymouth Rock Squab. Co., 236 U. S. 43, 46, 35 S. Ct. 236 (1915); see Wright v. Newsome, 795 F. 2d 964, 968 n. 1(11th Cir. 1986). A complaint may be inferred to be malicious if it suggests an intent to vex the defendants or abuse the judicial process, threatens violence or contains disrespectful references to the court, or contains untrue material allegations of fact or false statements made with knowledge and intent to deceive the court. Crisafi v. Holland, 655 F. 2d 1305, 1309 (D.C. Cir. 1981); Horsey v. Asher, 741 F. 2d 209, 212 (9th Cir. 1984).

    (4) Section 1983 complaint

Plaintiff's complaint seeks damages under 42 U.S.C. § 1983, which provides in pertinent part that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . ..

42 U.S.C. § 1983.

To plead a § 1983 violation, the plaintiff must allege facts from which it may be inferred that (1) plaintiff was deprived of a federal right, and (2) the person who deprived plaintiff of that rights acted under color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250 (1988); Collins v. Womancare, 878 F. 2d 1145, 1147 (9th Cir. 1989). To warrant relief under § 1983, the plaintiff must allege and show that the defendants' acts or omissions caused the deprivation of

the plaintiff's constitutionally protected rights. Leer v. Murphy, 844 F. 2d 628, 633 (9th Cir. 1993). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Leer, 844 F.2d at 633. There must be an actual causal connection or link between the actions of each defendant and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, 691-692, 98 S. Ct. 2018 (1978)(citing Rizzo v. Goode, 432 U.S. 362, 370-371, 96 S. Ct. 598 (1976)).

(5) Rule 8(a)

Section 1983 complaints are governed by the notice pleading standard in Federal Rule of Civil Procedure 8(a), which provides in relevant part that:

> A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The Federal Rules of Civil Procedure adopt a flexible pleading policy. Nevertheless, a complaint must give fair notice and state the elements of the plaintiff's claim plainly and succinctly. Jones v. Community Redevelopment Agency, 733 F. 2d 646, 649 (9th Cir. 1984). In other words, the plaintiff is required to give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct. 992 (2002) (citations omitted). Although a complaint need not outline all of the elements of a claim, it must be possible to infer from the allegations that all of the elements exist and that the plaintiff is entitled to relief under a viable legal theory. Walker v. South Cent. Bell Telephone Co., 904 F. 2d 275, 277 (5th Cir. 1990). Conclusory allegations unsupported by facts are insufficient to state a claim under § 1983. Sherman v. Yakahi, 549 F. 2d 1287, 1290 (9th Cir. 1977). The plaintiff "must 'allege with at least some degree of particularity overt acts which

defendants engaged in' that support plaintiff's claims." Id.

B. Analysis

(1) Plaintiff's allegations

Plaintiff's complaint (Doc. 1) alleges civil rights violations arising out of a residential search and a subsequent criminal conviction. Plaintiff alleges that during a May 13, 2005 search of his residence without a warrant and under nonexigent circumstances, the Officer located and seized controlled substances and two thousand forty-five dollars ($2,045.00), and the District Attorney subsequently filed a criminal complaint against him in case number BF110471[1], charging two counts of possession of a controlled substance. (Doc. 1, p. 3). Plaintiff's complaint also alleges that the District Attorney and the Officer, "acting in the color of authority of the City of Bakersfield" conspired to violate Plaintiff's rights under the Fourth and Fourteenth Amendments. (Doc. 1, pp. 3-4). Plaintiff asks the Court to "render a judgment to overturn [Petitioner's] conviction after granting my P.C. 1538.5 Suppression Motion" and to grant Plaintiff "10 million dollars ... in damages and pain and suffering caused by the conviction and incarceration." (Doc. 1, pp. 3-5). The body of Plaintiff's complaint includes the Bakersfield Police Department, the "Bakersfield District Attorney Office," the District Attorney, and the City of Bakersfield, as defendants. For the reasons discussed below, the complaint fails to state a claim against each of them.

(2) Defendants

A. Bakersfield Police Department

---

[1] The Court takes judicial notice of the electronic docket entries of the Kern County Superior Court in its case number BF110471A, reflecting that on May 31, 2005, Plaintiff was charged with one count of possession of controlled substance for sale (California Health & Safety Code § 11378), one count of possession of marijuana for sale (California Health & Safety Code § 11359), and one count of possession of firearm by a felon (California Penal Code § 12021(A)(1)), and that on September 5, 2005, all three counts were "dism - furth. of justice." The Court also takes judicial notice of the Superior Court's electronic docket entries in its case number BF112553A, reflecting the same charges were filed against Plaintiff on November 14, 2005, that Plaintiff pled nolo contendere to one count each of violating §§ 11359 and 11378, and that one count of violating § 12021(A)(1) was "dism- furth. of justice" on September 28, 2007. Fed.R. Evid. 201.

A private right of action exists against persons who, acting under color of state law, violate a plaintiff's federal constitutional or statutory rights. 42 U.S.C. § 1983. In the context of a § 1983 claim, the term "persons" does not include municipal departments, such as a city police department. "Naming a municipal department as a defendant is no an appropriate means of pleading a § 1983 action against a municipality." Vance v. County of Santa Clara, 928 F.Supp. 993, 995-996 (N.D. Cal 1996)(quoting Stump v. Gates, 777 F. Supp. 808, 816 (D. Colo. 1991); Gordon v. Butte County, 2008 WL 4370110 at *2 (E.D.Cal. September 24, 2008). The Bakersfield Police Department is effectively a department of the City of Bakersfield. Consequently, the Bakersfield Police Department is not a proper defendant.

### B. District Attorney's Office and District Attorney

The foregoing would also hold true for the "Bakersfield District Attorney's Office." However, the Court notes, sua sponte, that the District Attorney's Office located in Bakersfield, California is the "Kern County District Attorney's Office." The Kern County District Attorney's Office is effectively a department of the County of Kern. Consequently, the Bakersfield District Attorney's Office (the "District Attorney's Office") is not a proper defendant.

The complaint fails to state a claim against the District Attorney's Office and the District Attorney, for another reason. Plaintiff's complaint seems to allege that the filing and prosecution of criminal charges against him by the District Attorney and the District Attorney's Office, violated his constitutional rights. Under the doctrine of prosecutorial immunity, a prosecutor who initiates and prosecutes a criminal action is immune from civil liability for § 1983 claims, "even if it leaves 'the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest actions deprives him of liberty.'" Imbler v. Pachtman, 424 U.S. 409, 431, 96 S. Ct. 984 (1976). Absolute immunity applies when the challenged activity is associated with the judicial phase of the criminal process. Id. at 430. A prosecutor is also absolutely immune for quasi-judicial activities taken within the scope of his authority, which includes the process of plea bargaining. Ashelman v. Pope, 793 F. 2d 1072, 1078 (9th Cir. 1986). Moreover, "[n]either a conspiracy nor a personal interest will pierce a prosecutor's absolute immunity." See Vandament v. Duncan, 2008 WL 4610321 *4 (W.D. Wash. October

15, 2008)(citing <u>Ashelman</u>, 793 F. 2d at 1078, and <u>Miller v. Barilla</u>, 549 F. 2d 648, 649 n.3 (9th Cir. 1977)).

A complaint must be dismissed when it seeks monetary relief against a defendant who is immune from such relief. Plaintiff's § 1983 claims against the District Attorney's Office and the District Attorney are barred by the doctrine of prosecutorial immunity.

### C. <u>City of Bakersfield</u>

The complaint also names the City of Bakersfield as a defendant. The City of Bakersfield is a municipality. A complaint fails to state a § 1983 claim against a municipality unless it alleges that the deprivation of a constitutional right was caused by the enforcement of a municipal policy or practice, or decision of a final municipal policymaker. <u>Monell v. Department of Social Service</u>, 436 U.S. 658, 690-691, 98 S. Ct. 2018 (1978); <u>Fargo v. San Juan Bautista</u>, 857 F. 2d 638, 643 (1985).

In <u>Monell</u>, the Supreme Court set forth the policy and custom requirements of municipal liability, holding that municipal liability cannot rest on the actions of the employees under a respondeat superior theory. Municipalities may be held liable only if the "action pursuant to official municipal policy of some nature caused a constitutional tort." <u>Monell</u>, 436 U.S. at 691. Municipal liability may be based upon an official policy taking the form of a written policy or decision adopted and promulgated by the city's legislative body: "Local governing bodies, therefore, can be sued directly under §1983 . . . where [] the action that is alleged to be unconstitutional implements or executes a policy, statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." <u>Monell</u>, 436 U.S. at 691.

A municipality may also held liable based upon "custom," one that is not enacted by the legislative body of the municipality. In <u>Monell</u>, the Court described a municipal custom as "persistent and widespread .. . practices of [municipal] officials. Although not authorized by written law, such practices of [municipal] officials could well be so permanent and well settled as to constitute a custom or usage with the force of law." <u>Monell</u>, 436 U.S. 691; <u>see</u> <u>City of St. Louis v. Praprotnik</u>, 485 U.S. 112, 127, 108 S. Ct. 915 (1988). A claim based on a municipal custom generally requires proof of a pattern or series of incidents of unconstitutional conduct.

Sloman v. Tadlock, 21 F.3d 1462, 1470 (9th Cir. 1994) (municipal liability based on custom requires proof of well-settled, widespread practices, not simply the individual action of a single municipal employee.)

Plaintiff's complaint fails to allege that the Bakersfield Police Department or the City of Bakersfield acted in accordance with a municipal policy, practice, or decision of a final municipal policymaker, that caused a deprivation of Plaintiff's constitutional rights.  As a result, Plaintiff has failed to state a claim that would subject any the City of Bakersfield to liability under 42 U.S.C. § 1983.

(3)   Heck v. Humphrey

Plaintiff's complaint seeks damages against Defendants for "pain and suffering caused by [Plaintiff's] conviction and incarceration."  (Doc. 1, p 5).

If a favorable judgment on a § 1983 damages claim would "necessarily imply the invalidity" if the Plaintiff's conviction or sentence, the claim must be dismissed unless the Plaintiff has shown that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus  Heck v. Humphrey, 512 U.S. 477, 486-487, 114 S. Ct. 2364 (1994).

Here, Plaintiff has alleged that the Officer conducted an unlawful search that led to his conviction for possession of a controlled substance.  (Doc. 1, p. 3).   Heck bars Plaintiff's claims because a finding that the search was unlawful would invalidate his conviction for possession of the controlled substance seized in the search.  Thus, in order to proceed with a §1983 action, Plaintiff must first establish that his conviction has been invalidated.  Heck, 512 U.S. at 486-487. Because Plaintiff's complaint fails to allege that his conviction was invalidated, his claim for damages fails to state a claim under § 1983.

(4)   Rooker-Feldman doctrine

Plaintiff 's complaint also asks seeks "a judgment to overturn [Plaintiff's] conviction

after granting [Plaintiff's] P.C. 1538.5 suppression motion."[2] (Doc. 1, pp. 4,5).

Under the Rooker-Feldman doctrine, federal district courts lack subject matter jurisdiction "to review the final judgments of a state court in judicial proceedings." District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482, 103 S. Ct. 1303 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416, 44 S. Ct. 149 (1923); Branson v. Nott, 62 F. 3d 287, 291-292 (9th Cir. 1995). Plaintiff's § 1983 action seeks to invalidate his state court conviction because it seeks federal court review of state court evidence rulings and a judgment overturning his conviction. Under the Rooker-Feldman doctrine, the Court lack jurisdiction to grant such relief. [3]

C. Opportunity to amend

Based on the foregoing, Plaintiff's case will be dismissed. However, given Plaintiff's status as a pro se litigant, Plaintiff will be given an opportunity to amend his complaint. An amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F. 3d 1467, 1474 (9th Cir 1997), and must be "complete in itself without reference to the prior or superceded pleading." Local Rule 15-220. Once an amended complaint is filed, the original pleading no longer serves any function in the action. Therefore, in an amended complaint, as in an original complaint, each claim and the underlying facts must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint (Doc. 1) is DISMISSED, with leave to amend, for failure to state a claim;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form; and

3. Within thirty (30) days from the date of service of this order, Plaintiff must file an

---

[2] California Penal Code § 1538.5 permits a defendant to move to suppress evidence on the ground that it was obtained in violation of the Fourth Amendment.

[3] The doctrine of collateral estoppel applies in § 1983 actions to bar the relitigation of claims previously litigated in a state court criminal action. Allen v. McCurry, 449 U.S. 90, 103-104, 101 S. Ct. 411 (1980); Ayers v. City of Richmond, 895 F. 2d 1267, 1270 (9th Cir. 1990). In the event Plaintiff litigated his Fourth Amendment claims that the Officer conducted an unlawful search of his residence in a hearing on a motion to suppress under Penal Code § 1538.5 in the state court criminal action, collateral estoppel may bar the relitigation of his Fourth Amendment claim in this § 1983 action. Ayers, 895 F. 2d at 1271-1272.

9

amended complaint curing the deficiencies identified by the Court in this order; the amended complaint must bear the docket number assigned to this case, it must be labeled "First Amended Complaint," and it may not add any new, unrelated claims to this action.

**Any attempt to add any new, unrelated claims to this action via an amended complaint will result in an order striking the amended complaint.  Plaintiff's failure to file an amended complaint will result in a recommendation to dismiss this action.  Local Rule 11-110.**

IT IS SO ORDERED.

Dated:   **November 3, 2008**                                    /s/ Theresa A. Goldner
                                                           UNITED STATES MAGISTRATE JUDGE