1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

9

10

11

12

13

14

| | |
|---|---|
| KWAME NKUMAH KEKAULA, | Case No. 08-cv-00282 OWW TAG |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITH PREJUDICE FOR FAILURE TO COMPLY WITH COURT ORDER AND TO PROSECUTE THIS ACTION |
| v. | |
| JOEL LUERA, et al., | |
| Defendants. | (Doc. 14) |

15

## **PROCEDURAL BACKGROUND**

16    On February 5, 2008, *pro se* state prisoner Kwame Nkumah Kekaula ("Plaintiff") filed a

17  complaint pursuant to 42 U.S.C. §1983 against Bakersfield Police Officer Joel Luera (the "Officer"),

18  Kern County District Attorney Edward R. Jagels (the "District Attorney"), and the City of

19  Bakersfield (the "City") (collectively, the "Defendants"), alleging civil rights violations arising out of

20  a residential search and a subsequent criminal conviction.  (Doc. 1.)  The complaint was initially

21  filed in the United States District Court for the Northern District of California.  On February 25,

22  2008, the matter was ordered transferred to the United States District Court for the Eastern District

23  of California, and on February 27, 2008, the complaint and related pleadings were filed in this Court.

24  (Docs. 5-7.)  On March 7, 2008, Plaintiff's application to proceed *in forma pauperis* was granted.

25  (Doc. 9.)  On October 29, 2008, the matter was reassigned and referred to the undersigned Magistrate

26  Judge pursuant to 28 U.S.C. §636(b) and Local Rules 72-302 and 72-303.  (Doc. 13.)

27  ///

28

1

1       Under the provisions of Title 28 U.S.C. §1915, this Court reviewed Plaintiff's complaint for

2  sufficiency and concluded, for a variety of reasons, that the complaint fails to state a claim.  (*See*

3  Doc. 14 at pp. 5-9.)  On November 4, 2008, the Court dismissed the complaint with 30 days leave to

4  file an amended complaint.  (*Id*. at pp. 9-10.)  The Court also advised Plaintiff  that "Plaintiff's

5  failure to file an amended complaint will result in a recommendation to dismiss this action.  Local

6  Rule 111-110."  (*Id.* at p. 10.)  The November 4, 2008 order was served on Plaintiff by mail on

7  November 4, 2008.  (*See* Docket Sheet.)  To date, Plaintiff has not filed an amended complaint.  (*See*

8  Docket Sheet.)

9                                 **ANALYSIS**

10  A.  Legal standards.

11       Local Rule 11-110 provides that "[f]ailure of counsel or of a party to comply with these Rules

12  or with any order of the Court may be grounds for the imposition by the Court of any and all

13  sanctions . . . within the inherent power of the Court."  District courts have the inherent power to

14  control their dockets and "in the exercise of that power, they may impose sanctions including, where

15  appropriate . . . dismissal of a case."  *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).

16       In determining whether to dismiss an action for failure to obey a court order, the Court must

17  consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the

18  Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

19  favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

20  *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439 (9th Cir.

21  1988).

22  B.  Dismissal is warranted.

23       In this case, the Court finds that the first and second factors, i.e., the public's interests in

24  expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor

25  of dismissal.  Here, 55 days have elapsed since the Court's November 4, 2008 order was served on

26  Plaintiff and nothing has been heard from Plaintiff.  Risk of prejudice to Defendants also favors

27  dismissal insofar as injury is presumed to arise from the occurrence of unreasonable delay in

28

1   prosecuting an action. *Anderson v. Air West, Inc.,* 542 F.2d 522, 524 (9th Cir. 1976). Further,

2   although public policy favors the disposition of cases on their merits, dismissal is appropriate in this

3   instance because Plaintiff has failed to state a claim, failed to amend the complaint to cure its

4   numerous deficiencies, and failed to prosecute this action after being duly warned that failure to

5   amend would result in a recommendation of dismissal. As for the availability of less drastic

6   alternatives, it is difficult to see what those might be. The power to move this litigation forward

7   through the filing of a sufficient amended complaint has rested entirely in Plaintiff's hands. Plaintiff

8   is incarcerated and is proceeding *in pro se* and *in forma pauperis*. (See Docket Sheet generally.)

9   Because this action stands at the initial stages of litigation, the Court's ability to "leverage"

10  Plaintiff's compliance is extremely limited. This Court has already taken the only reasonable and

11  realistic step available to encourage the diligent and timely prosecution of this suit – a clear warning

12  to Plaintiff that failure to obey the Court's order would result in a recommendation to dismiss this

13  action. (*See* Doc. 14 at p. 10.) These facts address the "consideration of alternatives" requirement

14  and mitigate against any action other than dismissal. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th

15  Cir. 1992); *Malone v. U.S. Postal Service*, 833 F.2d 128, 132-133 (9th Cir. 1987); *Henderson v.*

16  *Duncan, supra*, 779 F.2d at 1424.

17                          **RECOMMENDATIONS**

18          Based on the foregoing, the Court HEREBY RECOMMENDS that this action be dismissed,

19  without leave to amend, for Plaintiff's failure to comply with the Court's November 4, 2008 order

20  and Plaintiff's failure to prosecute this action. (Doc. 14.)

21          These findings and recommendations are submitted to the United States District Judge

22  assigned to this action pursuant to the provisions of 28 U.S.C. §636 (b)(1)(B) and Local Rule

23  72-304. Within ten (10) days after being served with these findings and recommendations, Plaintiff

24  may file written objections with the Court. Local Rule 72-304(b). Such a document should be

25  captioned "Objections to Magistrate Judge's Findings and Recommendations." The District Judge

26  will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §636 (b)(1)(C). Plaintiff is

27  ///

28

1  advised that failure to file objections within the specified time may waive the right to appeal the

2  District Judge's order.   *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

3

4  IT IS SO ORDERED.

5  Dated:   **December 30, 2008**                          **/s/ Theresa A. Goldner**

6  _____                                      UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28